UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSEPH W.,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No. 2:20-cv-00671<br><br>ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of Defendant's denial of his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI").

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. For the reasons set forth below, the Court affirms Defendant's decision to deny benefits.

            I.  <u>ISSUES FOR REVIEW</u>

1. Did the ALJ err in evaluating the medical opinion evidence?

            II.  <u>BACKGROUND</u>

Plaintiff first filed applications for DIB and SSI on October 2, 2013, both of which were denied initially and upon reconsideration. AR 90.

Plaintiff filed new applications for DIB and SSI on December 20, 2017, alleging in both applications a disability onset date of October 1, 2009. AR 39, 202-08, 209-17. Plaintiff's applications were again denied initially and on reconsideration. AR 39, 148-50, 151-54, 156-58, 159-61. ALJ Glenn Meyers held a hearing on February 7, 2019. AR 58-96. On March 21, 2019, ALJ Meyers issued a decision finding that Plaintiff was not disabled. AR 36-52. On February 28, 2020, the Social Security Appeals Council denied Plaintiff's request for review. AR 1-6.

Plaintiff seeks judicial review of ALJ Meyers' March 21, 2019. Dkt. 4.

### III.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

### IV.   DISCUSSION

In this case, the ALJ found that Plaintiff had the severe impairments of osteoarthritis of the right hip, dysfunction of the major joints of the right shoulder and right hand, depression disorder, and post-traumatic stress disorder. AR 41-42. Based on the limitations stemming from Plaintiff's impairments, the ALJ found that Plaintiff could perform a reduced range of light work. AR 45.

Relying on vocational expert ("VE") testimony, the ALJ found that Plaintiff could not perform his past work, but that there were a significant number of light jobs that

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 2

Plaintiff could perform; therefore the ALJ determined at step five of the sequential evaluation that Plaintiff was not disabled. AR 50-52, 82-83.

### A. Whether the ALJ erred in evaluating the medical opinion evidence

Plaintiff contends that the ALJ erred in evaluating an opinion from examining psychologist Phyllis Sanchez, Ph.D. Dkt. 25, pp. 3-8.

Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject the uncontradicted opinions of an examining doctor, and "specific and legitimate" reasons to reject the contradicted opinions of an examining doctor. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1996).

The Social Security Administration changed the regulations applicable to evaluation of medical opinions, eliminating a hierarchy among medical opinions, but still requiring ALJs to explain their reasoning and specifically address how they considered the supportability and consistency of each opinion. *See* 20 C.F.R. §§ 404.1520c, 416.920c; Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017).

Regardless of the change to the regulations, an ALJ's reasoning must be supported by substantial evidence and free from legal error. *Ford v. Saul*, 950 F.3d 1141, 1153-56 (9th Cir. 2020) (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)); *see also Murray v. Heckler*, 722 F.2d 499, 501–02 (9th Cir. 1983).

Under 20 C.F.R. § 404.1520c(a), (b)(1)-(2), the ALJ is required to explain whether the medical opinion or finding is persuasive, based on whether it is supported and whether it is consistent. *Brent S. v. Commissioner, Social Security Administration*, No. 6:20-CV-00206-BR, 2021 WL 147256 at *5 - *6 (D. Oregon January 16, 2021).

These are the two most important factors in the ALJ's evaluation of medical opinions or findings; therefore, "[t]he 'more relevant the objective medical evidence and supporting explanations presented' and the 'more consistent' with evidence from other sources, the more persuasive a medical opinion or prior finding." *Linda F. v. Saul*, No. C20-5076-MAT, 2020 WL 6544628, at *2 (quoting 20 C.F.R. § 404.1520c(c)(1)-(2)).

Psychologist Dr. Sanchez examined Plaintiff for the Washington Department of Social and Health Services ("DSHS") on December 4, 2017. AR 317-24. Dr. Sanchez's evaluation consisted of a clinical interview, a mental status examination, and psychological testing. Based on the results of this evaluation, Dr. Sanchez opined that Plaintiff would have a range of moderate and marked work-related mental limitations, and that his overall degree of limitation would be marked. AR 319.

The ALJ assigned "partial weight" to Dr. Sanchez's opinion overall, giving significant weight to the moderate cognitive and social limitations contained in her opinion, reasoning that these limitations were consistent with the medical record and Plaintiff's ability to engage in certain activities of daily living. AR 50.

However, the ALJ assigned little weight to Dr. Sanchez's opinion that Plaintiff would have marked limitations in his ability to maintain appropriate behavior in a work setting and to complete a normal work day and work week without interruptions from psychologically based symptoms, reasoning that this portion of her opinion was not supported by the evidence, including: (1) Plaintiff's presentation before Dr. Sanchez; (2) Plaintiff's work history after the alleged onset date; and (3) Plaintiff's reported activities of daily living. AR 50.

With respect to the ALJ's first reason, an internal inconsistency can serve as a valid reason for discounting limitations assessed by a physician. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999); *see also Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (upholding ALJ's rejection of an internally inconsistent medical opinion).

The new regulations also require an ALJ to consider the "supportability" of a medical opinion, meaning that the "more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) … the more persuasive the medical opinions" will be. 20 C.F.R. §§ 404.1520c(c)(1); 416.920c(c)(1).

Here, the ALJ found that Dr. Dr. Sanchez's opinion that Plaintiff would have marked mental limitations was inconsistent with the results of her own mental status examination, during which Plaintiff was depressed and anxious and had difficulty answering certain questions, but was otherwise intact with respect to thought processes, perception, fund of knowledge, memory, and concentration. AR 50, 320-21.

In citing Plaintiff's work activity after his alleged disability onset date, the ALJ has provided an additional reason, supported by substantial evidence, for discounting the marked limitations assessed by Dr. Sanchez.

A finding that a claimant worked after his or her alleged disability onset date can serve as a valid for discounting limitations assessed by a physician. *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (An ALJ may consider any work activity, including part-time work, in determining whether a claimant is disabled).

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 5

At step one of the sequential evaluation, the ALJ noted that Plaintiff engaged in part-time work between 2009 and 2011 and again between 2015 and 2017, and reasoned elsewhere in his decision that while this activity did not, in and of itself, indicate that Plaintiff could at least superficial interaction with the public, maintain a schedule and perform work related tasks. AR 41, 49, 221, 226-27, 232-33, 238.

The ALJ's conclusion is supported by substantial evidence, and even if the ALJ erred in evaluating the limitations assessed by Dr. Sanchez, any error would likely be harmless, given that the ALJ assessed a range of work-related mental restrictions broadly consistent with the marked limitations contained in her opinion. AR 45; *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (Harmless error principles apply in the Social Security context).

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ properly determined Plaintiff to be not disabled. Defendant's decision to deny benefits therefore is AFFIRMED.

Dated this 21st day of September, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS - 6